IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-812-FL

| | | |
|---|---|---|
| CAMP FLINTLOCK, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GRAYDON LEE STEPHENSON, and | ) | |
| LAURA YOUNG STEPHENSON, | ) | |
| | ) | |
| Appellees. | ) | |

This matter is before the court on appellant's motion for leave to appeal the bankruptcy court's October 25, 2013, order denying appellant's motion for summary judgment in adversary proceeding No. 12-00228-8-ATS, in bankruptcy case No. 12-000357-8-ATS. Appellees have responded in opposition to the motion, and the matter is now ripe for ruling.

Pursuant to 28 U.S.C. § 158(a), an appellant may appeal interlocutory orders and decrees of the bankruptcy court only with leave of the court. Although § 158 does not set forth criteria for evaluating a motion for leave to appeal an interlocutory bankruptcy order, courts in this circuit have adopted the standard for interlocutory appeal under 28 U.S.C. § 1292(b). See Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996) (citing In re Swann Ltd. Partnership, 128 B.R. 138, 140 (D.Md.1991)); Matter of Tudor Associates, Ltd., II, 64 B.R. 656, 659-60 (E.D.N.C. 1986). Under this standard, "leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is a substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation." Atl. Textile Grp., 191 B.R. at 653.

Appellant forecasts three issues for resolution on appeal: 1) whether appellees failed to present substantial evidence in opposition to summary judgment on the issue of discharge; 2) whether appellant presented substantial evidence at summary judgment sufficient to show an absence of genuine issue of fact, and 3) whether state court orders of injunction, contempt, and sanctions have collateral estoppel effect on the same issues and evidence presented to the bankruptcy court. (Motion for Leave to Appeal ¶ 13).

None of these issues meet the criteria for interlocutory appeal. The determination of whether appellees or appellant presented sufficient evidence to justify granting or denial of summary judgment does not involve a controlling question of law as to which there is substantial ground for difference of opinion. The bankruptcy court applied the well established summary judgment standard to documents and materials in the record, concluding that issues of fact remained for trial, a determination of which is not susceptible to interlocutory review. (See Order Denying Mot. Sum. J. 4-5).

As to the final issue raised by appellants, the bankruptcy court determined that it could not rely upon the asserted collateral estoppel effect of a state court default judgment entered as a discovery sanction to reach the conclusion that a debt is nondischargeable under 11 U.S.C. § 523(a). The bankruptcy determined that Sartin v. Macik, 535 F.3d 284 (4th Cir. 2008), foreclosed reliance upon collateral estoppel in such circumstances. Although the Fourth Circuit in Sartin recognized that North Carolina courts may yet adopt an alternative approach to the "collateral estoppel effect to at least some default judgments," the court held that it was precluded from so holding in absence of a change in North Carolina law to that effect. Id. at 291. Upon review of North Carolina case law post-Sarin, the court has identified no case reopening the question raised in Sartin. Accordingly, the bankruptcy court's application of Sartin does not present a controlling question of law as to

2

Case 5:13-cv-00812-FL   Document 10   Filed 12/18/13   Page 2 of 3

which there is substantial ground for difference of opinion.

In light of the above, the court finds the third factor for interlocutory appeal inconclusive. While reversal as to any issues raised by appellant may help to resolve litigation in appellant's favor in bankruptcy court, appellate proceedings followed by order affirming the bankruptcy court's ruling would only serve to further delay final resolution of the bankruptcy matter.

Accordingly, the court in its discretion finds no basis upon which to exercise its appellate review over the bankruptcy court's order denying appellant's motion for summary judgment.

## CONCLUSION

Based upon the foregoing, the court DENIES appellant's motion for leave to appeal. The Clerk is directed to close this case.

SO ORDERED, this the 18th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge